UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN MURPHY | CIVIL ACTION |
| VERSUS | NO. 06-1658 |
| C. MARTEN | SECTION "A" (2) |

### REPORT AND RECOMMENDATION

Plaintiff, John Murphy, is a convicted prisoner currently incarcerated in the River Correctional Center in Ferriday, Louisiana. He paid his filing fee and filed this complaint pro se pursuant to 42 U.S.C. § 1983 against C. Marten, whom plaintiff has erroneously identified as Clerk of the 24th Judicial District Court for the Parish of Jefferson .[1] Murphy filed his complaint in the United States District Court for the Middle District of Louisiana, but the action was transferred to this court as the proper venue. Record Doc. No. 1, Order signed by United States Magistrate Judge for the Middle District on March 23, 2006. Murphy alleges that his constitutional rights were violated because defendant failed to provide him with a copy of his Boykin[2] transcript, as previously

---

[1] Jon Gegenheimer is the Clerk of the 24th Judicial District Court. It appears from plaintiff's other written submissions that Mr. or Ms. Marten is a deputy clerk of that court.

[2] The United States Supreme Court held in Boykin v. Alabama, 395 U.S. 238, (1969), that it was reversible error if defendant had not voluntarily and understandingly entered his plea of guilty.

ordered by the state courts, until after the deadline had passed for him to file a timely application for post-conviction relief. Record Doc. No. 1 (Complaint at ¶ IV). He seeks monetary damages. Id. at ¶ 5.

Plaintiff states in his complaint that he was convicted of distribution of cocaine on December 4, 2002 and is serving a ten-year prison sentence. Specifically, he alleges that the Fifth Circuit Court of Appeal for the State of Louisiana ordered the 24th Judicial District Court on March 20, 2003 to provide him with his Boykin transcript, but he did not receive the transcript until October 28, 2005. He complains that this was more than two years after his conviction and therefore too late for him to file an application for post-conviction relief.

In his response to the court's order to file a statement of facts and a list of witnesses and exhibits, Murphy reiterates that the only defendant is Clerk of Court C. Marten and states that there are no witnesses to be called at trial and no additional facts other than those identified in his complaint. He attached copies of an order from the Louisiana Fifth Circuit Court of Appeal dated March 22, 2005 and an order from the 24th Judicial District Court dated March 30, 2005, which orders the court reporter to

provide plaintiff with a copy of his <u>Boykin</u> transcript.  C. Marten was the Deputy Clerk of Court who filed the latter order.  Record Doc. No. 5.

## **ANALYSIS**

I.  STANDARDS OF REVIEW

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been filed in forma pauperis.  28 U.S.C. § 1915A(a); <u>Lewis v. Estes</u>, 242 F.3d 375, 2000 WL 1673382, at *1 (8th Cir. 2006); <u>Shakur v. Selsky</u>, 391 F.3d 106, 112 (2d Cir. 2004); <u>Martin v. Scott</u>, 156 F.3d 578, 579-80 (5th Cir. 1998).  Such complaints by prisoners must be dismissed upon review if they are frivolous or fail to state a claim upon which relief can be granted.  28 U.S.C. § 1915A(b)(1); <u>Shakur</u>, 391 F.3d at 113; <u>Carr v. Dvorin</u>, 171 F.3d 115, 116 (2d Cir. 1999).

A complaint is frivolous "if it lacks an arguable basis in law or fact."  <u>Davis v. Scott</u>, 157 F.3d 1003, 1005 (5th Cir. 1998); <u>Reeves v. Collins</u>, 27 F.3d 174, 176 (5th Cir. 1994).  The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are

3

clearly baseless.'" Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)).

In this case, plaintiff's Section 1983 claims must be dismissed under 28 U.S.C. § 1915A(b)(1) and (2) because they lack an arguable basis in law, because his complaint fails to state a claim of violation of his constitutional rights cognizable under Section 1983, even under the broadest reading,[3] and because it seeks damages from a defendant who is immune from such relief.

II.  SECTION 1983 CLAIMS

    A.  Immunity of the Clerk of Court

C. Marten, whom plaintiff erroneously identified as Clerk of the 24th Judicial District Court for Jefferson Parish, has been named as defendant in this matter. Broadly

---

[3] Pro se civil rights complaints must be broadly construed, Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994), and I have broadly construed the complaint in this case.

construed, Murphy's complaint could also characterize Ms. or Mr. Marten as the deputy clerk or an employee of the Clerk of Court who handled his case.

In either event, plaintiff makes a legally frivolous argument because the federal Fifth Circuit and other circuit courts have extended the doctrine of judicial immunity to clerks of court. Small v. Dallas County, 170 Fed. Appx. 943, 943 (5th Cir. Apr. 10, 2006); Clay v. Allen, 242 F.3d 679, 682 (5th Cir. 2001); Rogers v. Brintrager, 841 F.2d 853, 856 (8th Cir. 1988); Eades v. Sterlinske, 810 F.2d 723, 726 (7th Cir. 1987). Clerks of court have a "narrower ambit of immunity than judges and prosecutors," Tarter v. Hury, 646 F.2d 1010, 1013 (5th Cir. 1981), but they "'have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's direction, and only qualified immunity from all other actions for damages.'" Clay, 242 F.3d at 682 (quoting Tarter, 646 F.2d at 1013). "Judicial immunity extends to those officials whose acts are functionally equivalent to that of a judge, and quasi-judicial immunity shields lower officials, such as clerks, who implement judicial orders." Boston v. Lafayette County, 744 F. Supp. 746, 750 (N.D. Miss. 1990) (citations omitted), aff'd, 933 F.2d 1003 (5th Cir. 1991).

As discussed above, the Clerk of the 24th Judicial District Court and his deputies are entitled to absolute immunity as to plaintiff's claim for damages. Clearly, the action about which Murphy complains, slow production of his Boykin transcript pursuant to orders of the state courts, is exclusively a function of the official position of the Clerk of Court.

Plaintiff's written submissions make it clear that the Clerk's alleged actions were taken pursuant to orders of the state court judges. Under these circumstances, the Clerk and his deputies are immune from Murphy's claim for damages, which must be dismissed as legally frivolous, for failure to state a claim and because it is asserted against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

B.   First Amendment Claim

Murphy alleges that the Clerk of Court's failure to provide a copy of his Boykin transcript prevented him from filing a timely application for post-conviction relief. Construed broadly, plaintiff's allegation may include that defendant's failure to provide a transcript has deprived him of his right of access to the courts. Prisoners have a constitutional right of meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 828 (1977); Pembroke v. Wood County, 981 F.2d 225, 229 (5th Cir. 1993).

However, this constitutional right is not without limitations. "'While the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court.'" Eason v. Thaler, 73 F.3d 1322, 1328 (5th Cir. 1996) (quoting Brewer v. Wilkinson, 3 F.3d 816, 821 (5th Cir. 1993)); accord Treece v. Andrews, No. 05-30405, 2006 WL 1726502, at *1 (5th Cir. June 21, 2006).

Significantly, before a prisoner may prevail on a claim that his First Amendment right of access to the courts was violated, he must demonstrate that his position as a litigant was actually prejudiced. In Lewis v. Casey, 518 U.S. 343 (1996), the United States Supreme Court noted "the requirement that an inmate alleging a violation of [the right of access to the courts] must show actual injury." Id. at 349 (emphasis added). To fulfill this requirement, the inmate must prove that he was "hindered [in] his efforts to pursue a legal claim." Id. at 351; accord Treece, 2006 WL 1726502, at *1; Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999); Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999); Eason, 73 F.3d at 1328. In this case, Murphy wholly fails to establish this element of his First Amendment claim.

7

Plaintiff's submissions establish that he was not prevented from filing any legal documents and that he will not be prevented from doing so in the future. He alleges that he was unable to file his application for post-conviction relief because he did not receive the <u>Boykin</u> transcript in a timely manner. This allegation is frivolous.

Although Murphy complains that he needed a copy of his transcript in order to file his post-conviction relief application, there is no reason that he could not have filed a timely application without the transcript, explained to the court that the transcript had been ordered and supplemented his application with the transcript when he received it. Furthermore, he had personal knowledge of the facts concerning his guilty plea hearing because he was there. He could have told the court in his application for post-conviction relief what was wrong with his guilty plea based on his personal knowledge, even in the absence of a transcript. He was neither deprived of access to the courts nor was his position as a litigant actually prejudiced.

Under these circumstances, Murphy has failed to state a cognizable Section 1983 claim in this case for violation of any First Amendment right. Accordingly, his claim of denial of access to the courts is legally frivolous and fails to state a claim upon which relief can be granted under Section 1983.

8

## RECOMMENDATION

For all of the foregoing reasons, it is **RECOMMENDED** that plaintiff's complaint asserting claims pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE** under 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __23rd__ day of August, 2006.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE